## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

_____

**UNITED STATES OF AMERICA**                    )
                                                )
            **v.**                              )        **Criminal No. 5:14-cr-00244**
                                                )
**DONALD L. BLANKENSHIP**                       )
_____               )

### DEFENDANT DONALD L. BLANKENSHIP'S
### MOTION TO AMEND CONDITIONS OF RELEASE

Defendant Donald L. Blankenship, through counsel, hereby moves pursuant to 18 U.S.C.

§ 3145(a)(2) to amend the conditions of his pretrial release. Specifically, Mr. Blankenship

respectfully requests that the restrictions on personal association and contact contained in

paragraph 7(g) of the Order Setting Conditions of Release be stricken in their entirety.[1] These

restrictions prohibit Mr. Blankenship from having *any* contact—no matter what the subject—

with friends and former colleagues associated with his former employer, Massey Energy

Company. As demonstrated below, these restrictions are not authorized by the Bail Reform Act

of 1984 and violate Mr. Blankenship's First Amendment rights to free speech and association,

the Fifth Amendment's due process clause, and the Eighth Amendment's excessive bail clause.

In relevant part, the Bail Reform Act provides that the Court shall order the pretrial

release of a defendant subject to the "least restrictive" conditions that will "reasonably assure"

(1) the appearance of the person as required and (2) the safety of any other person or the

community. 18 U.S.C. § 3142(c). The Act does not authorize release conditions serving any

other purpose.

---

[1] Mr. Blankenship reserves the right to seek review or modification of other pretrial release conditions by separate motion.

During Mr. Blankenship's bond hearing, the government presented no evidence to suggest that Mr. Blankenship presents any safety risk.  Nor did Pretrial Services conclude that Mr. Blankenship poses a safety risk.  The Court, in turn, made no finding that Mr. Blankenship's pretrial release will endanger the safety of any other person or the community.  The Court instead imposed terms and conditions of release for the sole and express purpose of "reasonably assur[ing] his appearance at all further proceedings in this matter."  Statement of Reasons for Imposing Terms and Conditions of Release on Bond and Order at 4 (Dkt. No. 16); *see also id.* at 3 (finding that certain conditions should be imposed to protect against the "risk of nonappearance at further proceedings").

Among the terms and conditions of release imposed upon Mr. Blankenship is the restriction that he must:

> avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Specifically, the Defendant shall have no direct or indirect contact with any person who was any [sic] officer, director, or employee of Massey Energy Co., or of any entity that provided contract services for Massey Energy Co. during the period of Jan. 1, 2008 through April 9, 2010, except through counsel.  The Defendant shall have no direct or indirect contact with any person who participated in any investigation of events at Massey Energy Company or the Upper Big Branch mine during the period from January 1, 2008 through April 9, 2010, except through counsel.

Order Setting Conditions of Release ¶ 7(g) (Dkt. No. 15).

This government-proposed restriction, however, bears no relationship whatsoever to reasonably assuring Mr. Blankenship's appearance.  Indeed, as the Local Rules of this District make clear, a restriction prohibiting contact with alleged victims or potential witnesses only may be imposed "for witness/victim protection where needed."  LR Cr. P. 5.1(c)(5).  Because the Court did not find—and we respectfully submit had no basis to find—that Mr. Blankenship's release presents a safety risk to any alleged victim or potential witness, this restriction is not authorized by 18 U.S.C. § 3142(c) and marks a stark deviation from this Court's Local Rules.

The restriction also violates Mr. Blankenship's First Amendment rights to free speech and association; amounts to a deprivation of his fundamental rights without due process of law; and represents an excessive, and therefore unconstitutional, bail condition. *See United States v. Arzberger*, 592 F. Supp. 2d 590, 604 (S.D.N.Y. 2008) (recognizing that "defendants are likely to be erroneously deprived of the First Amendment right of association in the absence of an individualized determination of the need for a no-contact order."); *id.* at 605-06 ("Conditioning pretrial release on the relinquishment of constitutionally protected rights in circumstances where the conditions are not necessary to satisfy legitimate government purposes would constitute excessive bail in violation of the Eighth Amendment.").[2]

The unconstitutional nature of this sweeping restriction—which by its terms prohibits all contact with innumerable unnamed individuals—cannot be overstated considering Mr. Blankenship's decades-long tenure at Massey, the company's thousands of former employees, and the countless entities that provided services to it.  It prevents him, for example, from maintaining longtime friendships, from sending simple holiday gifts he has sent for years, and even from engaging in simple pleasantries with people he encounters on the street—not knowing whether particular individuals might fall into a restricted category.[3]  The restriction is all the more onerous in light of the additional release conditions that Mr. Blankenship reside and travel within the Southern District of West Virginia, an area populated with former Massey colleagues and businesses that served the company.

---

[2] *See also*, *e.g.*, *United States v. Collins*, No. 11-cr-00471, 2012 WL 3537814, at * 4 (N.D. Cal. Mar. 16, 2012) ("[I]n fashioning suitable conditions to govern the defendant's release pending trial…, the court [is] required to do so in a manner which would result in no greater intrusion upon defendant's constitutional rights, including those guaranteed under the First Amendment, than reasonably necessary in order to effectuate the objectives of the Bail Reform Act.") (citation omitted).

[3] In this regard, we note that the alleged "victims" of the offenses charged in the indictment, with whom Mr. Blankenship is directed to avoid all contact, would seem to include all Massey shareholders as of April 9, 2010.

Mr. Blankenship remains and must be presumed innocent as a matter of law, notwithstanding the public vitriol and rush-to-judgment against him.  He has an unquestioned right to be in contact with friends and former colleagues.  There is no statutory authority to the contrary.  To the extent the government speculates that Mr. Blankenship may seek to influence potential witnesses, it has no basis in fact for such speculation.  Mr. Blankenship has no intention of trying to affect the testimony of any witness.  He firmly believes the testimony will demonstrate that he did not commit any offense charged in the indictment and that he implemented a commitment to the safety of the people who worked in Massey coal mines.

Mr. Blankenship therefore respectfully requests that paragraph 7(g) be stricken in its entirety from the Order Setting Conditions of Release.  In the alternative, and although there remains no basis in law or fact for the restriction, the paragraph at the very minimum should be amended to read as follows:

> The defendant must avoid all communication concerning the facts or substance of the offenses charged in the indictment with any alleged victim of the charged offenses or with any person he knows to be a potential witness who may testify concerning the charged offenses, except through counsel.

This proposed modification tracks the "facts or substance" language of the gag order imposed by the Court (Dkt. No. 3); would more narrowly tailor the unconstitutional and overbroad sweep of the restriction; and would permit Mr. Blankenship—whose constitutional presumption of innocence remains sacrosanct under the Bail Reform Act, *see* 18 U.S.C. § 3142(j)—to maintain longstanding relationships and to serve out his period of pretrial release without fear that a simple exchange at a grocery store may unknowingly and unintentionally amount to a violation of the terms and conditions of his release.

For the foregoing reasons, Mr. Blankenship respectfully requests that the Court strike paragraph 7(g) of the Order Setting Conditions of Release or, at a minimum, modify that paragraph in the manner proposed herein.

Dated: December 2, 2014                          Respectfully submitted,

                                                   /s/ John H. Tinney, Jr.
                                                 John H. Tinney, Jr.
                                                 THE TINNEY LAW FIRM
                                                 P.O. Box 3752
                                                 Charleston, WV 55337-3752
                                                 304-720-3310 (phone)
                                                 304-720-3315 (fax)
                                                 jacktinney@tinneylawfirm.com


                                                 William W. Taylor, III
                                                 Eric R. Delinsky
                                                 Miles Clark
                                                 ZUCKERMAN SPAEDER LLP
                                                 1800 M Street, NW
                                                 Washington, DC 20036
                                                 202-778-1800 (phone)
                                                 202-841-8106 (fax)
                                                 wtaylor@zuckerman.com
                                                 edelinsky@zuckerman.com
                                                 mclark@zuckerman.com

                                                 *Counsel for Donald L. Blankenship*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant Donald L. Blankenship's Motion to Amend

Conditions of Release has been electronically filed and service has been made by virtue of such

electronic filing this 2nd day of December 2014 on:

    R. Booth Goodwin, II
    Steven R. Ruby
    U.S. Attorney's Office
    P.O. Box 1713
    Charleston, WV 25326-1713

                        _/s/ John H. Tinney, Jr._____
                        John H. Tinney, Jr.