IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

**DEFENDANT'S RESPONSE TO THE MOTION OF THE WALL STREET JOURNAL, THE ASSOCIATED PRESS, CHARLESTON GAZETTE, NATIONAL PUBLIC RADIO, INC., AND THE FRIENDS OF WEST VIRGINIA PUBLIC BROADCASTING, INC. TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING THE COURT TO RECONSIDER AND VACATE THE NOVEMBER 14, 2014 GAG AND SEALING ORDER**

Defendant Donald L. Blankenship, through counsel, hereby responds to the motion of the News Media Intervenors to reconsider the Court's order of November 14, 2014, sealing all filings in this case and prohibiting statements to the media by parties and others.

Mr. Blankenship supports the objective of the Court's order -- "to insure that the Government and the Defendant can seat jurors who can be fair and impartial and whose verdict is based only upon evidence presented during trial." Notwithstanding the order, obtaining jurors untainted by the emotion generated by this case is now impossible. There has been relentless, unfair, prejudicial publicity about Mr. Blankenship for many years in this district. It goes well beyond the explosion of the Upper Big Branch mine, but that tragedy and the hostility and hatred it caused to be directed at Mr. Blankenship cannot be minimized.

The United States Attorney widely disseminated the indictment and accompanying press release to the media by electronic means prior to entry of the Court's November 14th order. West Virginia's two United States Senators made inflammatory, negative comments about Mr. Blankenship immediately after the filing of the indictment. The news media and others

published, posted, and broadcast numerous additional negative comments and opinions that have included prejudicial information inadmissible at trial. The Upper Big Branch Mine accident and its aftermath have had a broad, deep, and irremediable impact on prospective jurors in this district. Mr. Blankenship intends to seek a transfer of this case to a different judicial district for trial.

Mr. Blankenship acknowledges the important role of a free press in our society and does not oppose the unsealing of most filings in this case upon transfer for trial in a different district.[1]

Dated: December 11, 2014

Respectfully submitted,

/s/ William W. Taylor, III
William W. Taylor, III
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

/s/ John H. Tinney, Jr.
John H. Tinney, Jr.
THE TINNEY LAW FIRM
P.O. Box 3752
Charleston, WV 55337-3752
304-720-3310 (phone)
304-720-3315 (fax)
jacktinney@tinneylawfirm.com

*Counsel for Donald L. Blankenship*

---

[1] Counsel for Mr. Blankenship have not served this Response on counsel for the News Media Intervenors because their understanding of the Court's November 14th order is that they are prohibited from doing so.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 11th day of December 2014 on:

R. Booth Goodwin, II
Steven R. Ruby
U.S. Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

                                                          /s/ Steven N. Herman
                                                        Steven N. Herman