# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION REGARDING TRAVEL

As a condition of Defendant's release on bond, the Court restricted his travel to the Southern District of West Virginia, where he owns a home and has substantial family ties. Travel was also allowed to Pike County, Kentucky, and to Washington, D.C., to meet with lawyers. Defendant now seeks, however, for the second time in a month, to take a lengthy trip to Las Vegas—this one as long as three weeks. Between this and his previous request, Defendant has now asked to spend as many as 34 of the first 49 days of his supervised release in Las Vegas.

Defendant asserts that Las Vegas is his home. The fact, though, is that the extent of his ties to Las Vegas is unconfirmed. He claims to reside there at an address that the Court has referred to as Address No. 2. A search of public records in the county where Las Vegas is located reveals that the residence at that address is owned neither by Defendant nor his significant other, but by a third party, R.S. Defendant has represented that R.S. is a former romantic acquaintance of Defendant's significant other. Defendant's pretrial services interview, meanwhile, makes clear that he spends an enormous sum every month on travel. Defendant's travel spending is so great that one must question how much time he spends in any one place, including Las Vegas.

In prior hearings and pleadings in this case, Defendant has claimed that he must truly be a resident of Las Vegas because he pays taxes in Nevada. It turns out, however, that Nevada has no personal income tax at all. One wonders what, exactly, Defendant means by his claim to be a Nevada taxpayer. Since Nevada has no income tax, incidentally, Defendant has more than a little motive to assert that he resides there.

Defendant has also claimed that he must truly be a Las Vegas resident because he has a Nevada driver's license. But Defendant also holds a Tennessee driver's license, based on a residence in Knoxville, Tennessee, which is located in the eastern part of that state, not far from this district. Other evidence corroborates this Tennessee residence: in his pretrial services interview, Defendant identified a specific business entity that is his current employer. According to that entity's most recent annual report, filed May 2, 2014, Defendant is that entity's president and sole officer—and he resides in Knoxville, Tennessee.

According to the same annual report, the principal office of Defendant's employer is located in Belfry, Kentucky, just across the state line from this district. Belfry, where Defendant's employer is located, is in Pike County, Kentucky, which is one of the areas to which Defendant may travel without prior authorization by the Court. Notably, Defendant also owns a home in Kentucky and property near Knoxville, Tennessee.

In truth, from the information available to the United States, to pretrial services, and to the Court, it is hard to say just where Defendant really lives. His wealth allows him to have multiple homes and to travel wherever and whenever he desires. His strongest ties, however, appear to be in and near this district. He owns a home here, his family resides here and nearby (all the family members that Defendant reported in his pretrial services interview reside in this district, eastern Kentucky, or eastern Tennessee), his employer is just across the state line, and

the other home that he owns is also nearby. By contrast, his primary confirmed tie to Las Vegas is his own assertion that he lives there.

Defendant also has substantial international ties, particularly in China. His significant other is the president and chief executive officer of a company that, according to its website, has its principal office in Beijing, where, also according to the website, she is from. Defendant acknowledged in his pretrial services interview that he has assets in China. The visitors whom Defendant wishes to meet in Las Vegas live in China.

These and other reasons support the Court's decision to restrict Defendant's travel to this district, Pike County, and his meetings with counsel. No exception to that restriction is warranted here.

In the November 21, 2014 telephonic hearing on Defendant's previous request to go to Las Vegas, the Court noted, correctly, that Defendant's request "seems like it's … asking for entitlement to take a vacation, actually, to a warmer climate to visit people who aren't his direct relatives ...." Tr. of Nov. 21, 2014 Tel. Hrg. at 10:13-16. The Court also made clear that its decision to grant that prior request "isn't going to set a precedent where [Defendant] can come back with numerous requests to travel throughout the United States." *Id.* 11:6-8. And the Court emphasized, in granting Defendant's prior request for Thanksgiving travel, that the travel plans of the people whom Defendant planned to meet in Las Vegas were longstanding and there had been little time to change them. *Id.* 11:9-13. The Court warned that Defendant should "think about other alternatives for Christmas and future travel." *Id.* 15:14-16. Defendant has ample means to arrange such alternatives—to arrange, for example, for the people whom he intends to meet in Las Vegas over the next three weeks to instead travel to visit him in this district. He

apparently has chosen not to do so despite the Court's direction of November 21. Defendant appears to prefer to go to Las Vegas instead.

In sum, the Court has, with abundant justification, restricted Defendant's travel, and no good cause exists to lift that restriction for another extended trip to Las Vegas, a location to which Defendant's actual ties are quite unclear. Typically, a defendant whose travel is restricted to this district would not be allowed to go all the way across the country for three weeks to meet with foreign nationals who are not his family based merely on his assertion that he resides there, especially when the home that he actually owns, as well as his employer and his family, are here. This Defendant should not be treated differently than any other.

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

    It is hereby certified that the foregoing "United States' Response to Defendant's Motion Regarding Travel" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of December, 2014 to:

>  Miles Clark
>  Eric Delinsky
>  Steven Herman
>  William Taylor, III
>  Zuckerman Spaeder LLP
>  Suite 1000
>  1800 M Street, NW
>  Washington, DC 20036
>
>  John Tinney, Jr.
>  The Tinney Law Firm
>  5 Greenbrier St.
>  Charleston, WV 25311

    /s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov