IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

**DEFENDANT DONALD L. BLANKENSHIP'S REPLY IN SUPPORT OF MOTION
FOR PERMISSION TO TRAVEL HOME FOR CHRISTMAS AND NEW YEAR'S**

The government makes two principal arguments in objecting to Mr. Blankenship request for Court-approved permission to travel during Christmas and New Year's to spend the holidays with his fiancée and their two families at the home the two have shared for years.[1] Neither suggests a risk of non-appearance, and neither is a basis to deny the request. Mr. Blankenship already has demonstrated that he can spend time at his home in Nevada, as he did at Thanksgiving, and be trusted to remain in compliance with his conditions of release and return to this District.

First, the government identifies many of the reasons why Mr. Blankenship's ties to the Southern District of West Virginia run strong and deep. We agree that he has substantial ties here. This is precisely why there is zero risk that he will not return to this District if granted permission to travel home for the holidays.

Second, the government notes that Mr. Blankenship's fiancée was born in China and that her parents, who have traveled to Nevada to spend the holidays with their daughter, are "foreign nationals." Opp'n at 4. While the government implies that these facts create a risk of non-

---

[1] While the government now questions whether Mr. Blankenship resides in Nevada, it repeatedly stated in open court during Mr. Blankenship's bond hearing that he now lives there. *See* Nov. 20, 2014 Initial Appearance & Bond Hr'g. Tr. at 12:13-16 (AUSA Ruby: "He no longer resides in this district, or in this part of the country…. He lives far away [in Nevada]."); *id.* at 13:1 (AUSA Ruby: "[Mr. Blankenship] no longer resides here.").

appearance, there is no conceivable basis for the implication. It is an odious one. Mr. Blankenship's fiancée has lived in the United States—in Nevada—for nearly two decades. She is a U.S. citizen. Her parents are elderly, and her mother has significant health issues. For these reasons, this very well may be their last trip to the United States. Mr. Blankenship, meanwhile, has surrendered his passport, posted a $5 million cash bond, and agreed to a pretrial release condition prohibiting him from transferring assets overseas. There is nothing in this record to suggest that Mr. Blankenship's request to spend the holidays at home with his fiancée and their two families presents a risk of non-appearance.

Indeed, the government raised these exact same issues in opposing Mr. Blankenship's request to travel home for Thanksgiving. The Court rejected the arguments and granted the request, finding that such travel did not raise a risk of non-appearance. That ruling, in turn, was upheld on appeal—a fact the government does not address in its opposition. The only thing that has changed since Thanksgiving is that Mr. Blankenship, after voluntarily remaining in the District pending resolution of the government's appeal, traveled home to Nevada and then returned to the District without incident. The success of that trip serves to reinforce the Court's prior determination that such travel presents no risk of non-appearance.

Finally, Mr. Blankenship's motion does not seek modification of his travel restrictions, as the government implies. He simply is requesting Court-approved travel, as he is authorized to do under one of his release conditions—a condition imposed by the Court at the government's request after counsel specifically advised the Court, the government, and the probation office in chambers that, if the release order included travel restrictions, Mr. Blankenship would be requesting permission to travel home to Nevada for the holidays.

Dated: December 16, 2014                               Respectfully submitted,

  /s/ William W. Taylor, III_____
William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Washington, DC 20036
202-778-1800 (phone)
202-841-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com


  /s/ John H. Tinney, Jr._____
John H. Tinney, Jr.
THE TINNEY LAW FIRM
P.O. Box 3752
Charleston, WV 55337-3752
304-720-3310 (phone)
304-720-3315 (fax)
jacktinney@tinneylawfirm.com

*Counsel for Donald L. Blankenship*

# CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Defendant Donald L. Blankenship's Reply in Support of Motion for Permission to Travel Home for Christmas and New Year's has been electronically filed and service has been made by virtue of such electronic filing this 16th day of December 2014 on:

    R. Booth Goodwin, II
    Steven R. Ruby
    U.S. Attorney's Office
    P.O. Box 1713
    Charleston, WV 25326-1713

                                                _/s/ R. Miles Clark_____
                                                R. Miles Clark