IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.                        ) | Criminal Action No. 5:14-0244 |
| ) | |
| DONALD L. BLANKENSHIP     ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed a Motion to Amend Conditions of Release. (Document No. 32.) Defendant requests that the Court strike paragraph 7(g) of its Order Setting Conditions of Release. (Document No. 15.) That paragraph provides that Defendant must

> avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Specifically, the defendant shall have no direct or indirect contact with any person who was any officer, director, or employee of Massey Energy Co., or of any entity that provided contract services for Massey Energy Co. during the period from January 1, 2008 through April 9, 2010, except through counsel. The Defendant shall have no direct or indirect contact with any person who participated in any investigation of events at Massey Energy Company or the Upper Big Branch mine during the period from January 1, 2008 through April 9, 2010, except through counsel.

Defendant asserts that this no-contact restriction is not authorized under the Bail Reform Act of 1984, 18 U.S.C. § 3142, and violates his First Amendment right to free speech and association, his Fifth Amendment right of due process and the Eighth Amendment's prohibition against excessive bail. Defendant urges a narrow reading of Section 3142 contending that it requires the Court, in releasing him on bond, to apply the "least restrictive" terms and conditions to "reasonably assure" his appearance as required at further proceedings. Defendant states that under the circumstances "[t]he Act does not authorize release conditions serving any other purpose." (Id., p. 1.) Defendant urges then that "the paragraph 7(g) "restriction . . . bears no relationship whatsoever to reasonably assuring [his] appearance." (Id., p. 2.) Defendant further claims that, because the safety of any other

person or the community is not in issue, the Court's paragraph 7(g) restriction runs afoul of the Court's Local Rule of Criminal Procedure 5.1(c)(5) which includes as a standard term and condition of release on bond that "[t]he defendant shall not contact, either directly or indirectly, any victim or potential witness in the case, except through counsel (for witness/victim protection where needed)." Respecting his claim that the paragraph 7(g) restriction is unconstitutional, Defendant cites United States v. Arzberger, 592 F.Supp.2d 590 (S.D.N.Y. 2008), indicating that such a restriction likely violates a defendant's First and Eighth Amendment rights when the need for it is not evident. Defendant states that "[t]he unconstitutional nature of this sweeping restriction – which by its terms prohibits all contact with innumerable unnamed individuals – cannot be overstated considering [his] decades-long tenure at Massey, the company's thousands of former employees, and the countless entities that provided services to it. * * * The restriction is all the more onerous in light of the additional release conditions that [he] reside and travel within the Southern District of West Virginia, an area populated with former Massey colleagues and businesses that served the company."[1] (Id., p. 3.) Fearing that "a simple exchange at a grocery store may unknowingly and intentionally amount to a violation of the terms and conditions of his release", Defendant requests that paragraph 7(g) be stricken or alternatively that the paragraph be rewritten to state as follows (Id., p. 4.):

> The defendant must avoid all communication concerning the facts or substance of the offenses charged in the indictment with any alleged victim of the charged offenses or with any person he knows to be a potential witness who may testify concerning the charged offenses, except through counsel.

---

[1] Defendant states that the restriction "prevents him from maintaining longtime friendships, from sending simple holiday gifts he has sent for years, and even from engaging in simple pleasantries with people he encounters on the street – not knowing whether particular individuals might fall into a restricted category." (Document No. 32, p. 3.)

2

The United States has filed a Response. (Document No. 40.) The United States first contends that Defendant is incorrect in asserting that the paragraph 7(g) restriction is not authorized under Section 3142 and points out that Section 3142(c)(1)(B)(v) authorizes the Court in fashioning conditions of release on bond to require a defendant to "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." (Id., p. 2.) The United States further contends citing United States v. Pickel, 500 Fed. Appx. 771 (10th Cir. 2012), that the Court's restriction is necessary to reasonably assure the safety of the community by protecting "the public's right to criminal proceedings free of interference with witnesses." (Id., p. 3.) The United States then cites a number of reasons why it believes the paragraph 7(g) restriction is appropriate drawing from the Court's Statement of Reasons (Document No. 16.) and claiming that Defendant has strong motive, significant means and substantial history for exerting influence to affect the outcome in this matter. (Id., pp. 3 - 5.) Next, the United States disputes Defendant's claim that the paragraph 7(g) restriction is unconstitutional. The United States contends that United States v. Arzberger is inapposite because the Court in that case considered a no-contact provision of the Adam Walsh Act to be applied automatically in every case having allegations of child pornography. The Court did not consider such a provision in the context of fashioning terms and conditions of release on bond under Section 3142. (Id., p. 6.) The United States cites United States v. Vasilakos, 508 F.3d 401 (6th Cir. 2007), and United States v. Jones, 2010 WL 4024927 (D.S.D.), as decisions upholding the constitutionality of no-contract restrictions under Section 3142. (Id., pp. 6 - 7.) The United States asserts that the paragraph 7(g) restriction does not impact the presumption of Defendant's innocence; his ability to contact witnesses through counsel in preparation of his defense is not impeded; and the paragraph 7(g) restriction "will be relatively brief, lasting only until the trial

in this matter is completed." (Id., p. 7.) Finally, the United States asserts that Defendant's alternatively proposed restriction is not in conformity with the "all contact" language of Section 3142 as it would permit Defendant to have contact with victims and potential witnesses as long as he did not discuss this matter with them. (Id., pp. 7 - 8.) The United States urges that "Defendant can easily influence witnesses to favor him even without explicitly discussing the facts of this case [by] sending gifts to potential witnesses." (Id., p. 8.) The United States suggests that if the Court is inclined to change the wording of the restriction, it use the exact language of Section 3142 and require Defendant to "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." (Id.)

Defendant has filed a Reply to the United States Response. (Document No. 44.) Defendant states that "[b]ecause Pretrial Services concluded that [he] poses no safety risk; because the government presented no contrary evidence during [his] bond hearing; and because [the Court] made non finding, under 18 U.S.C. §§ 3142(b) or ©, that [he] presents a safety risk, there is no basis in law or fact to impose a no-contact condition of pretrial release – let alone one as broad and onerous as the condition currently in place." (Id., p. 1.) Citing Section 3142(c)(1)(B)'s language allowing imposition of conditions specified in its fourteen subsections including a no-contact provision to "reasonably assure . . . the safety of any other person and the community" and the Court's Local Rule of Criminal Procedure 5.1(c)(5) allowing imposition of such a provision "for witness/victim protection where needed", Defendant states that "[b]ecause [he] has not been found to pose any safety risk, the Act does not authorize the imposition of a no-contact condition of release." (Id., p. 2.) Defendant then shifts to his argument that the paragraph 7(g) restriction is unconstitutional disagreeing with the United States respecting the pertinence of United States v. Arzberger.

4

Defendant urges that <u>Arzberger</u> is "directly on point" and "requires a case-by-case determination of whether circumstances warrant a no-contact condition of pretrial release to reasonably assure public safety. The imposition of such a condition here, without any finding of safety risk warranting it, is precisely the sort of arbitrary imposition of a no-contact condition the court in <u>Arzberger</u> found to be unconstitutional." (<u>Id.</u>) Defendant states that his past conduct which, the United States argues, demonstrates that Defendant poses a safety risk – maintaining complete control over Massey Energy and influencing its employees as charged in the Indictment, spending lavishly in support of political candidates and paying for the production of a documentary respecting the UBB mine explosion – was "perfectly lawful." (<u>Id.</u>, p. 3.) Defendant further states that he has been in contact with the United States' "central witness" against him over the last four years and has not attempted to influence him. (<u>Id.</u>) Defendant proposes then that the Court adopt his alternative to the paragraph 7(g) restriction because "the condition adversely impacts his daily life on a recurring basis – in ways big and small – and does so for no legitimate governmental purpose." (<u>Id.</u>, p. 4.) It prohibits him from having contact with his and his family's longtime personal friends "who are unlikely to be witnesses at trial" and giving gifts over the holidays to many people including former directors of Massey Energy Company and relatives of former Massey Energy's employees. (<u>Id.</u>, pp. 4 - 5.)

## **DISCUSSION**

The United States did not file a Motion to detain Defendant. Absent such a Motion and unless the Court itself finds reason to detain a defendant[2], the Court must release the defendant on

---

[2] Section 3142(f)(2) provides that a detention hearing is necessary "[u]pon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves – (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice . . .."

a condition or combination of conditions which reasonably assure his appearance at further proceedings and the safety of the community. Section 3142 does not require a hearing under these circumstances, but as a practical matter there is often some discussion respecting terms and conditions of release on bond at the defendant's initial appearance and arraignment. The Court therefore obtains information pertaining to the issue of bond from the Indictment or other charging document[3], the Pretrial Services Report and counsel for the United States and the defendant as they represent at defendant's initial proceedings. The Court in this case had information from all three sources as it considered imposing terms and conditions of Defendant's release on bond. The Indictment contains allegations that Defendant pressured (¶¶ 52, 63, 69, 72) and chastised (¶¶ 56, 60 - 62, 70, 73 - 75.) a UBB executive and management respecting coal production quotas, "instructed and encouraged UBB managers to violate mine safety standards" (¶ 59.), and "used compensation decisions to communicate an expectation and acceptance that UBB would routinely violate mandatory federal mine safety and health standards." (¶ 79.) The Pretrial Services Report provided some detail respecting Defendant's considerable wealth and business interests, concluded that "[t]here are no known factors that indicate the defendant poses a risk of danger to the community" and nevertheless recommended *inter alia* the following bond restrictions:

> 6) Defendant shall not contact, either directly or indirectly, any victim or potential witness in this case. Specifically, the Defendant shall have no direct or indirect contact with any person who was an officer, director, or employee of Massey Energy Company, or of any entity that provided contract services for Massey Energy Company, during the period form January 1, 2008, through April 9, 2010.
>
> 7) The Defendant shall have no direct or indirect contact with any person who participated in any investigation of events at Massey Energy Company or the Upper

---

[3] Section 3142(g)(1) allows the Court to "take into account the available information concerning – (1) the nature and circumstances of the offense charged . . .."

Big Branch mine during the period from January 1, 2008, through April 9, 2010.

At Defendant's initial proceedings on November 21, 2014, the United States proposed a no-contact condition of release. (Document No. 35, p. 8 - 9.) Defendant objected stating that "[t]hat restriction is overbroad and raises constitutional issues and we submit it is inconsistent with the provisions of Section 3142 . . .." (Id., p. 12.) The United States responded addressing "the possibility of obstruction. The defendant's wealth and his influence are such that he would be in an unusual position. He is unusually well situated . . . to influence potential witness testimony." (Id., p. 13.) Defendant stated in response that "[t]here has been no formal accusation of obstruction or tampering of any witness in this case and the possibility of that form of conduct in the abstract does not provide a basis for conditions of release. It doesn't meet the minimum legal standard." (Id., p. 14.) The Court then spoke directly to Defendant stating that "you are admonished by the Court here today that you will not contact any witnesses or victims, either directly or indirectly, sir, through anyone else but your attorneys, of course, upon pain of further prosecution, if you do, for the obstruction of it. I'm not sure how to make that specific as to individuals. It's often impossible to do so, but I think discussion with your attorneys will help you understand what the limits of the requirement that you not contact others are, and, of course, to the extent that you need to in your business activities, sir, it will [behoove] you to have your attorneys contact the counsel for the United States and, if necessary, the Court for any kind of clarification." (Id., pp. 16 - 17.) Having this information from these sources, the Court perceived a serious risk that Defendant might attempt in some way, perhaps innocuously, to influence witnesses as this matter approaches trial. The Court therefore did not imposed the paragraph 7(g) restriction arbitrarily but rather did so in view of specific facts and circumstances evident in the record that Defendant has the propensity and means to influence

witnesses.

It is clear that United States v. Arzberger is inapposite. Mr. Arzberger challenged the constitutionality of specific bond restrictions including a no-contact restriction required under the 2006 Adam Walsh Amendments to the Bail Reform Act of 1984. Defendant is challenging a specific bond condition which is expressly authorized, but not required, as a condition of pretrial release on bond under Section 3142(c)(1)(B)(v). See United States v. Spilotro, 786 F.2d 808, 816 (8th Cir. 1986). In any event, Section 3142 plainly requires consideration of each individual defendants circumstances in fashioning terms and conditions of release on bond, and the Court had before it sufficient information about Defendant's individual circumstances to conclude that the paragraph 7(g) restriction should be imposed.

Defendant's claim that the paragraph 7(g) restriction is unconstitutional is also without merit. Respecting Defendant's First Amendment claim, it is clear that "certain kinds of highly personal relationships" are protected. Roberts v. U.S. Jaycees, 468 U.S. 609, 618 - 620, 104 S.Ct. 3244, 3250 - 3251, 82 L.Ed.2d 462 (1984)("The personal affiliations that exemplify these considerations, and that therefore suggest some relevant limitations on the relationships that might be entitled to this sort of constitutional protection, are those that attend the creation and sustenance of a family . . ..") A no-contact restriction included as a condition of pretrial release satisfies First Amendment requirements if it is no greater than necessary to further an important governmental interest. United States v. Spilotro, 786 F.2d at 816. Protecting victims and potential witnesses in criminal proceedings from being pressured or coerced in any way respecting their testimony is an important governmental interest. United States v. Vasilakos, 508 F.3d 401, 411 (6th Cir. 2007)("A federal court's authority to protect the integrity of its proceedings encompasses the authority to take

reasonable actions to avoid intimidation or coercion of witnesses.") The paragraph 7(g) restriction does not impose upon Defendant's intimate personal acquaintances. It specifically requires that Defendant have no direct or indirect contact with former business acquaintances or anyone who became involved in the investigation of events respecting Massey Energy or the UBB mine from January 1, 2008, through April 9, 2010. The Court finds no transgression of Defendant's First Amendment right in this.

Respecting Defendant's Fifth Amendment claim, Defendant is apparently asserting that he has been deprived of one or more constitutionally protected rights without constitutionally sufficient process. More specifically, the Court gathers that Defendant is claiming that the Court imposed the paragraph 7(g) restriction arbitrarily without any basis for concluding that he was a danger to any person or the community. The parties in this matter had the opportunity to state their positions on the record at the November 21, 2014, hearing as the Court was considering imposing terms and conditions of release on bond, and, as stated above, the Court had ample information before it from the three sources to conclude that Defendant has the propensity and means to influence witnesses. The process in determining the terms and conditions of Defendant's release on bond has been constitutionally sufficient.

Finally, respecting Defendant's Eighth Amendment claim, the Court will assume that the Eighth Amendment's Excessive Bail Clause applies to terms and conditions of release on bond. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Most often, bail is challenged as excessive when a Court requires the payment of an amount so high that the defendant cannot pay it, but it does not appear that its application is limited to this circumstance. Indicating a broader application, the

United States Supreme Court stated in United States v. Salerno, 481 U.S. 739, 754, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987), that "[t]he only arguable substantive limitation of the Bail Clause is that the Government's proposed conditions of release or detention not be 'excessive' in light of the perceived evil. Of course, to determine whether the Government's response is excessive, we must compare that response against the interest the Government seeks to protect by means of that response." Considering the paragraph 7(g) restriction as it is limited to Defendant's former business contacts or anyone who became involved in the investigation of events respecting Massey Energy or the UBB mine from January 1, 2008, through April 9, 2010, the Court finds that the paragraph 7(g) restriction is designed to eliminate or reduce the possibility that Defendant might attempt to pressure or coerce witnesses in this matter with respect to their testimony and therefore serves, and is no greater than necessary to serve, an important and well recognized governmental interest and purpose by assuring the integrity of these proceedings. The paragraph 7(g) restriction is not excessive.

For all of the foregoing reasons, it is hereby **ORDERED** that Defendant's Motion to Amend Conditions of Release (Document No. 32.) is **DENIED**.

The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: December 17, 2014.

R. Clarke VanDervort
United States Magistrate Judge