**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 5:14-0244 |
| | ) | |
| **DONALD L. BLANKENSHIP** | ) | |

**ORDER**

Defendant filed a Motion for Permission to Travel Home for Christmas and New Year's on December 11, 2014. (Document No. 42.) Defendant requests authorization to travel to Las Vegas, Nevada, for the holidays to be with his family members and members of his fiancee's family who are in from China. Specifically, Defendant requests authorization to leave for Las Vegas from his attorneys' offices in Washington, DC, tomorrow, Thursday, December 18, 2014, and return to this District on Monday, January 5, 2015, unless the District Court continues his trial, in which case he requests that he be authorized to remain in Las Vegas until Thursday, January 8, 2015. Defendant points out how he has cooperated as this matter has been pending now for about five weeks. The United States filed a Response in Opposition on December 15, 2014. (Document No. 48.) The United States asserts that Defendant has "unconfirmed" ties to Las Vegas, Nevada. The United States states that while Defendant claims that he lives there, he does not own the residence in Las Vegas where he stays. The United States indicates that the only evidence of Defendant's ties to Nevada is that he has a Nevada drivers' license. The United States asserts that Defendant's "strongest ties . . . appear to be in and near this district." The United States states that "[t]ypically, a defendant whose travel is restricted to this district would not be allowed to go all the way across the country for three weeks to meet with foreign nationals who are not his family based merely on the assertion that he resides there, especially when the home that he actually owns, as well as his employer and his family, are here. This Defendant should not be treated differently than any other."Defendant filed a Reply on December 16, 2014. (Document No. 49.) Defendant reiterated how he has cooperated in this proceedings and states that he "does not seek modification of his

travel restrictions, as the government implies. He simply is requesting Court-approved travel, as he is authorized to do under one of his release conditions – a condition imposed by the Court at the government's request after counsel specifically advised the Court, the government, and the probation office in chambers that, if the release order included travel restrictions, Mr. Blankenship would be requesting permission to travel home to Nevada for the holidays."

The Court denies Defendant's request for several reasons. The Court imposed the restriction upon Defendant's travel and other restrictions in view of circumstances which indicate that Defendant poses a significant risk of nonappearance at Court proceedings in the future. While Defendant has been cooperative thus far, the circumstances which led the Court to impose the travel and other restrictions continue now and will continue to exist throughout these proceedings. The Court cannot ignore these circumstances at this early stage of this proceeding to allow Defendant a two to three week sojourn in Las Vegas, Nevada. Second, the Court has very rarely permitted the relaxing of pretrial travel restrictions for very brief periods of time (a day or two) when defendants demonstrate hardship or emergency conditions and the hardship or emergency conditions are independently verified. No such circumstances are presented in this matter. Finally, even if the Court found good and sufficient reason to allow Defendant's request, logistics in transferring his supervision to Las Vegas, Nevada, for a two to three week period of time – home inspection, interviews, etc. – make it impossible to accommodate his request within his requested time frame. Accordingly, it is hereby **ORDERED** that Defendant's Motion for Permission to Travel Home for Christmas and New Year's on December 11, 2014 (Document No. 42.) is **DENIED**.

The Clerk is requested to transmit a copy of this Order to counsel of record.

ENTER: December 17, 2014.

R. Clarke VanDervort
United States Magistrate Judge