**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

UNITED STATES OF AMERICA

v.                                                                      CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSIHP

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION
TO CONTINUE TRIAL AND MODIFY SCHEDULING ORDER**

Defendant's most recent motion to continue trial is really a motion to reconsider. He has already sought to remove the trial in this case from the calendar or to set it for January 2016. The Court rejected that request, instead setting an April 20, 2015 trial date and a pretrial motions schedule appropriate to that date. In his renewed motion, Defendant simply repeats arguments that the Court already found were not good cause for his requests. The United States, by counsel, thus respectfully submits that Defendant's Motion to Continue Trial Date and Modify Scheduling Order, ECF No. 117, should be denied.

**I. Procedural history**

On November 13, 2014, a federal grand jury returned an indictment charging Defendant with conspiring for the operators of the Upper Big Branch mine (UBB) to willfully commit routine violations of federal mine safety laws; conspiring to defraud the United States by impeding administration of the federal mine safety laws at UBB; false statements to the Securities and Exchange Commission in the wake of the explosion at UBB; and securities fraud in the wake of that tragedy. On November 24, 2014, at the

arraignment, the magistrate judge set a pretrial motions deadline of December 30, 2014, and a trial date of January 26, 2015. Arraignment Order and Standard Discovery Requests, ECF No. 13, at 1.

On December 2, 2014, Defendant submitted his Motion to Exclude Time Under the Speedy Trial Act, Re-Set Motions Deadline, Vacate Trial Date, and Set Scheduling Conference (the "First Motion for Continuance"). ECF No. 29. In his First Motion for Continuance, Defendant sought to have the trial removed from the calendar. ECF No. 29, at 4-5. As grounds, he cited the voluminous discovery that he anticipated receiving (he estimated 1,000,000 documents, ECF No. 29, at 4), his asserted need for more time to file pretrial motions, and his asserted need for additional time to prepare for trial (because of the number of possible witnesses he anticipated and so on).

On December 17, 2014, the Court conducted a hearing on the First Motion for Continuance. In this hearing, defense counsel requested that the trial in this case be continued for approximately one year. Tr. of Dec. 17, 2014 Mot. Hrg., ECF No. 62, at 43-45. His reasons echoed those in Defendant's written motion. Defense counsel cited voluminous discovery. *Id.* at 34-35. He asserted that more time was needed to prepare pretrial motions. *Id.* at 35-36. And he reiterated arguments that the defense needs more time to prepare for trial. *Id.* at 43-45. At the conclusion of the hearing, the Court granted an extension of the pretrial motions deadline and stated that a new deadline would be set in a subsequent written order. *Id.* at 45.

On January 5, 2015, the Court entered a written order on Defendant's First Motion for Continuance. *See* Crim. Sched. Order, ECF No. 61. The Court stated, "The Defendant moves for a continuance on the grounds that: 1) discovery in the matter is

voluminous, 2) additional time is needed to file pre-trial motions, and 3) additional time is needed for trial preparation." *Id.* at 1. Based on these grounds, the Court continued the pretrial motions deadline by more than five weeks, to February 6, 2015. The Court continued the trial date by nearly three months, to April 20, 2015, a date more than five months after the case began.

In granting these continuances, the Court specifically found that they were "reasonable and sufficient to allow for adequate preparation for trial." Crim. Sched. Order, ECF No. 61, at 3. The Court further wrote, "To the extent that Defendant requests that trial be scheduled a year from the return of the Indictment, the Court finds no good cause to support such a schedule and **ORDERS** that the same be **DENIED**." *Id.*

## II. Legal standards and precedents

### A. Requests for continuance

"Trial judges necessarily require a great deal of latitude in scheduling trials," and "broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). In *Morris v. Slappy*, the defendant was represented by a single public defender appointed six days before trial. *Id.* at 5. On the first day of trial, the defendant moved for a continuance, which the trial court denied. *Id.* at 6. A jury proceeded to convict the defendant of robbery, burglary, and false imprisonment. *Id.* at 3. On habeas corpus review, the Supreme Court, emphasizing trial courts' discretion concerning continuances, held that denying the continuance did not violate the defendant's Sixth Amendment right to effective assistance of counsel. *Id.* The Supreme Court's result was unanimous.

In *United States v. Cronic*, 466 U.S. 648 (1984), the Supreme Court held that the refusal to postpone a criminal trial was permissible even though an inexperienced lawyer had been appointed and given twenty-five days to prepare for trial—in a case that the government had investigated for over four and a half years. 466 U.S. at 650, 661-62. The lawyer was young, practiced mainly real estate law, and had never before had a jury trial. *Id.* at 665. The charges involved a multimillion-dollar mail fraud scheme. *Id.* at 650-51. The Court explained, however, that "[n]either the period of time that the Government spent investigating the case, nor the number of documents that its agents reviewed during that investigation, is necessarily relevant to the question whether a competent lawyer could prepare to defend the case in 25 days." *Id.* at 663.

The *Cronic* Court cited as a guidepost *Avery v. Alabama*, 308 U.S. 444 (1940), a capital murder case in which the defendant's attorneys were appointed three days before trial. Defense counsel there sought a continuance. 308 U.S. at 447. No continuance was granted, and the trial proceeded as scheduled. *Id.* at 448. The jury returned a verdict of guilty with the death penalty. *Id.* at 449. On review, the Supreme Court affirmed the conviction, holding that the Sixth Amendment right to counsel was not violated by trying the defendant on a capital murder charge three days after counsel were appointed. *Id.* at 453. The Supreme Court wrote, "Disposition of a request for continuance is … made in the discretion of the trial judge, the exercise of which will not ordinarily be reviewed." *Id.* at 446.

Lower court precedents are in accord. In *United States v. Badwan*, 624 F.2d 1228 (4th Cir. 1980), the defendants appealed the denial of their motion to continue, which was based on the complexity of the evidence in their tax fraud case. 624 F.2d at 1231. The

4

Fourth Circuit affirmed the district court, finding that three weeks was enough time to prepare a defense. *Id.* at 1232. *See also United States v. Davis*, 967 F.2d 516, 518 (11th Cir. 1992) (no abuse of discretion in denying continuance in case with "extensive discovery" and two months between indictment and trial).

In *United States v. Vincent*, 416 F.3d 593 (7th Cir. 2005), the defendant appealed the denial of his second motion to continue in his case involving mail fraud, wire fraud, and making false statements. The court found that the district court had not abused its discretion, and seven months was a sufficient amount of time for the defendant to prepare for trial in his "complex and document-intensive" case even though the defendant was representing himself and was incapacitated for two of those months. *Id.* at 598-600. In making its findings, the court noted that "Vincent's business generated most of the documents at issue. Defendant therefore was familiar with much of the evidence from the outset." *Id.* at 599.

### B. Motions for reconsideration in criminal cases

The Federal Rules of Criminal Procedure "do not specifically provide for motions for reconsideration," *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985), but a district court may hear a motion for reconsideration if it is filed before the order sought to be reconsidered becomes final. *See United States v. Ibarra*, 502 U.S. 1, 4 (1991). Our Court of Appeals has recognized that the Federal Rules of Civil Procedure are not binding in criminal cases, but Rule 59(e) of the Federal Rules of Civil Procedure provides useful guidance for reconsideration motions in criminal cases. *See United States v. Dickerson*, 166 F.3d 667, 678-79 (4th Cir. 1999) (*rev'd on other grounds*, 530 U.S. 428 (2000)). There are three grounds for requesting that a district court amend an earlier

5

judgment pursuant to Rule 59(e): (1) a change in controlling law; (2) new evidence not previously available; or (3) "a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "In general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Wright et al., at 124 (noting that "[i]n practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied"); *see also Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly.").

### III. Discussion

Defendant's current motion for continuance is essentially a motion for reconsideration. It cites the same grounds that underlay his First Motion for Continuance: voluminous discovery, pretrial motions, and trial preparation. It seeks the same relief that Defendant sought in his First Motion for Continuance and in the hearing on that motion: to remove the trial from the calendar altogether or to continue it for approximately a year. Nothing in Defendant's current submission, however, would affect the Court's original conclusions that the continuances already granted are reasonable and sufficient to allow for adequate preparation for trial, and there is no good cause to schedule trial a year from the return of the Indictment. Crim. Sched. Order, ECF No. 61, at 3.

Since Defendant's First Motion for Continuance, in fact, the only significant changes in his circumstances appear to operate in his favor. Defendant based his First Motion for Continuance in part on the one million documents that he expected to receive in discovery. The real number, though, turned out to be much lower: 651,000 according to Defendant's current motion. ECF No. 118, at 5. Defendant's previous motion also cited his need to prepare many pretrial motions. Defendant now has submitted those motions and the United States has responded (excepting the motion for change of venue, the response to which is due shortly). With his pretrial motions finished, Defendant can focus exclusively on trial preparation. He also has been able, since his first motion, to hire many more lawyers to assist him. ECF No. 118, at 7.

On the subject of pretrial motions, whereas Defendant previously sought (and received) more time to prepare his motions, he now argues that his motions, even having been submitted, somehow continue to require a delay. ECF No. 118, at 1. He appears to contend that his motions are so persuasive that they obviate the need for a trial date even before they are decided. *Id.* Defendant also cites, as grounds to indefinitely delay trial, his motion to impute a conflict of interest to all the judges in this district. *Id.* There is no reason, however, that the Court cannot consider Defendant's motions and the United States' responses in the usual course and decide them before the current trial date.

Defendant's arguments on voluminous discovery and trial preparation largely repeat his previous contentions. He adds a document from yet another lawyer, one located a few blocks away from his first Washington law firm. The document is dubbed an affidavit, but it essentially is another brief reiterating arguments already made. In both his main brief and this affidavit-brief, Defendant proffers calculations about how long his

7

review of documents will take. In a serendipitous coincidence, these calculations dovetail with Defendant's original claim that he needs a year for trial.

At virtually any point in any case, however, any party can point to things that it needs to do and offer calculations about how long they will take, seeking more time. Just two weeks ago, for example, the United States sought a total of three weeks to respond to nineteen pretrial motions that Defendant prepared over eleven weeks. ECF No. 115. In support of that request, the United States calculated that even with three weeks, it would need to complete approximately one response per day, including weekends and holidays—a pace that some would consider unusually rapid. *Id.* at 1. Defendant might have called it impossible. *See* Tr. of Dec. 17 Mot. Hrg ("We can't – can't put these motions together by the end of December [six weeks from return of Indictment.]"), ECF No. 62, at 33:17-18. The Court, however, granted the United States a total of two weeks, requiring it to work even more quickly than it had hoped. ECF No. 116. The United States, like litigants from time immemorial, found a way to get its work done in the span allotted. Defendant, who possesses effectively unlimited resources to fund his defense and has an army of skilled attorneys at his disposal, undoubtedly will do likewise.

Defendant overstates the complexity of this case. The allegations are straightforward enough that their essence can be stated in a sentence: Defendant conspired to routinely violate mine safety laws and conspired to impede federal safety officials, and when a fatal explosion threatened to reveal his crimes and cost him millions, he made, and caused to be made, false and misleading statements to hide what he had done. Contrary to his claims, the law in all these areas—mine safety crimes, conspiracy to impede federal agencies, false statements, and securities fraud—is well

developed and understood. A straightforward case does not become more complex merely because the defendant is rich or well-known, or spends a great deal in legal fees attempting to create an impression of complexity.

Defendant also overstates the difficulty of his document review. As the United States explained when the Court last ruled on this issue, Defendant for many years had possession of or access to much of the discovery, especially documents that he personally generated or received. The United States, moreover, elected to produce broad discovery, much of which relates primarily to aspects of the investigation that were not focused on Defendant (numerous other defendants have been charged and convicted in the investigation, and the United States, to avoid complaints from Defendant, turned over documents relating mainly to them). Many of the documents produced are routine, daily Massey Energy Company reports that are peripheral to the case; these can quickly be reviewed and moved past. Defendant is intimately familiar with many of the documents produced and with the business processes that generated them and can readily assist defense counsel in identifying which documents and categories of documents are significant. Many of the documents produced, in addition, are duplicates that can be identified electronically.

On the subject of duplicate documents, Defendant misrepresents the facts. He asserts that the discovery production "lacks electronic identifiers necessary to allow the defense to . . . remove duplicates from the production." ECF No. 118, at 8 n.4. This is incorrect. For hundreds of thousands of the documents in the production, the United States provided the standard item of data used to identify duplicates in a set of electronic documents: a datum called a "hash value." Where this datum was not produced, it was

because the United States did not have it in the first place and thus could not produce it. The data produced, however, will allow Defendant to identify tens of thousands of duplicates and thus streamline his review. Defendant makes a similar misrepresentation about the dates of documents in the electronic production, claiming that he was not given metadata that would permit him to sort documents by date. On the contrary, Defendant was provided metadata giving the date for the majority of the documents in the United States' production. Where such metadata was not provided, it was, again, because it was never provided to the United States in the first place and thus could not be produced to Defendant.[*]

Finally, Defendant overstates the legal support for his view. There is no constitutional principle that the time already allotted here is insufficient to prepare for trial. Defendant cites *United States v. Verderame*, 51 F.3d 249 (11th Cir. 1995) and *Shirley v. North Carolina*, 528 F.2d 819 (4th Cir. 1975), as examples of cases reversing a conviction for failure to grant a defendant's motion for continuance. In *Verderame*, the court found that the district court abused its discretion in not granting a continuance where the defendant was given only thirty-four days between his arraignment and trial,

---

[*] Another significant defense error: the affidavit-brief that Defendant attaches to his motion claims that the United States will need four weeks to present its case-in-chief. This is incorrect. The United States does not believe that it will need four weeks to present its case. Defense counsel can always, of course, extend the time required for the prosecution's case by cross-examining each witness *ad infinitum*, and perhaps defense counsel plans to do so here, but a four-week case-in-chief will not be necessary.

Another point that bears clarification, at least, is Defendant's statement that the United States has produced "100 hours of audio recordings" of Defendant's telephone conversations. ECF No. 118, at 8. This statement might leave the impression that the conversations were recorded by a government wiretap, since that is the usual source of such recordings in criminal cases. These recordings, however, are recordings that Defendant secretly made of his own telephone conversations with employees, board members, and business associates. He thus should be able to help defense counsel quickly sort through them.

10

and where the specific circumstances of that case required more. *Verderame*, 51 F.3d at 252. The Fourth Circuit in *Shirley* found that the district court abused its discretion when it failed to grant a continuance "to secure the presence of an essential defense witness." *Shirley*, 528 F.2d at 820. The *Shirley* scenario, in which a continuance is required to permit testimony from a specific, essential witness, is quite different from Defendant's general request for more preparation time.

## IV. Conclusion

The Court has already ruled on Defendant's request to continue trial for a year and has granted continuances that allow the parties adequate time to prepare. Defendant's motion is essentially a motion to reconsider this prior ruling. He offers no grounds, however, that warrant reconsideration. Settled law gives the Court broad discretion concerning continuances and by no means holds that the time already allotted is insufficient to prepare for trial. Defendant's motion should be denied.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

/s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Response to Defendant's Motion to Continue Trial and Modify Scheduling Order" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 24th day of February, 2015 to:

> William W. Taylor, III
> Blair G. Brown
> Eric R. Delinsky
> R. Miles Clark
> Steven N. Herman
> Zuckerman Spaeder LLP
> 1800 M Street, NW, Suite 1000
> Washington, DC 20036
>
> James A. Walls
> Spilman Thomas & Battle, PLLC
> 48 Donley Street, Suite 800
> P.O. Box 615
> Morgantown, WV  26501
>
> Alexander Macia
> Spilman Thomas & Battle, PLLC
> P.O. Box 273
> Charleston, WV  25321

> /s/ Steven R. Ruby
> Steven R. Ruby
> Assistant United States Attorney
> WV Bar No. 10752
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax: 304-347-5104
> Email: steven.ruby@usdoj.gov