IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

**REPLY IN SUPPORT OF DEFENSE MOTION NO. 15,
MOTION TO DISMISS COUNT FOUR FOR FAILURE TO ALLEGE FACTS
ESTABLISHING THAT MR. BLANKENSHIP MADE OR WILLFULLY CAUSED
TO BE MADE MATERIALLY FALSE OR MISLEADING STATEMENTS**

The indictment alleges no facts that, if proven true, would establish that Mr. Blankenship "made" the statements alleged in the indictment to be materially false and misleading. He is not alleged to have authored the statements. He is not alleged to have signed either document containing them. Neither document attributes the statements to Mr. Blankenship or even mentions his name. The government does not, because it cannot, dispute any of this.[1]

The factual allegations in the indictment likewise do not establish that Mr. Blankenship "willfully caused" false or misleading statements to be made by others. The requirement, under 18 U.S.C. § 2(b), that a defendant "willfully cause the forbidden act to be done, means that the act must not only have been the cause[-]in-fact of the defendant's activities, but also that [the] defendant have the specific intent of 'bringing about' the forbidden act." *United States v. Markee*, 425 F.2d 1043, 1046 (9th Cir. 1970) (quoting *United States v. Kenofskey*, 243 U.S. 440,

---

[1] Nor does it deny that the only conceivable basis for the indictment's unadorned accusation that Mr. Blankenship "made" false and misleading statements, Indictment ¶ 108, was its misconduct before the grand jury—namely, the presentation of a draft press release (drafted by a third party) that attributed statements to Mr. Blankenship; the eliciting of false case agent testimony that the draft release was the version that was issued to the public; and the withholding of the final press release that was, in fact, issued, which does not mention Mr. Blankenship and attributes the statements made therein to Massey, the company. *See* Reply in Supp. of Mot. No. 5 at 3-4.

Case 5:14-cr-00244 Document 156 Filed 02/27/15 Page 2 of 5 PageID #: 1995

443 (1917)); *see also*, *e.g.*, *United States v. Inciso*, 292 F.2d 374, 378 (7th Cir. 1961) ("The courts have uniformly construed the word 'cause' [in 18 U.S.C. § 2(b)] to mean a principal acting through an agent or one who procures or brings about the commission of a crime.") (collecting cases).

While the indictment generically alleges that Mr. Blankenship directed unnamed "Massey officials" to draft "a" statement to Massey shareholders, *id.* ¶ 81,[2] it nowhere alleges that he directed or otherwise had any input into the content of the specific statements contained in the UBB Shareholder Statement alleged to be false. He is not alleged to have instructed the unidentified authors to include those statements in the document. He is not alleged to have edited the allegedly false statements they wrote[3] or to have discussed the statements with anyone. And he is not alleged to have directed that the UBB Shareholder Statement be disseminated to the public, but instead is only alleged to have approved a request—from whom the indictment does not say—to do so. *Id.* ¶ 82.[4] The indictment alleges even less conduct by Mr. Blankenship in connection with the creation, content and dissemination of the press release. *See id.* ¶ 83.

---

[2] As noted in the opening brief, *see* Mem. in Supp. of Defense Mot. No. 15 at 6 n.3, the defense has substantial reason to believe that this allegation, which is critical to the government's position that the indictment contains sufficient factual allegations to support the securities fraud charge under 18 U.S.C. § 2, is based entirely on additional false (*i.e.*, made up) testimony from the government's case agent before the grand jury. The government does not deny this.

[3] While the indictment contains no such allegation, the government does not deny that it manipulated its presentation to the grand jury of internal drafts of the UBB Shareholder Statement to leave the grand jury with the false impression that Mr. Blankenship had, in fact, edited the paragraph of the document containing the allegedly false statements. *See* Reply in Supp. of Defense Mot. No. 5 at 4.

[4] The government does not deny its misconduct before the grand jury concerning this allegation. Specifically, the government's case agent testified that Mr. Blankenship advised one of the authors of the UBB Shareholder Statement that the document "could be filed and released to the public," when the government's own memorandum of its interview of that individual (an interview at which the case agent does not appear even to have been present) indicates that the witness told the government that Mr. Blankenship advised him only that he "could send the statement to Massey's attorneys." *See* Reply in Supp. of defense Mot. No. 5 at 3 & n.2.

2

The government does not deny these shortcomings in the indictment or address the case law instructing what is required to establish criminal conduct under 18 U.S.C. § 2(b). It instead resorts to its common refrain that the arguments presented in Mr. Blankenship's motion "are properly suited for trial, not a motion to dismiss an indictment." Opp'n at 39. It is understandable why the government suggests that the Court should not review its fatally deficient indictment to determine whether Count Four states an offense. But that is not the law. Indeed, it is black letter law that a central purpose of an indictment is "to enable the court to decide whether the facts alleged are sufficient in law to withstand a motion to dismiss." *Russell v. United States*, 369 U.S. 749, 768 & n.15 (1962) (citation omitted); *see also*, *e.g.*, *United States v. Hasan*, 747 F. Supp. 2d 599, 602 (E.D. Va. 2010) ("[T]o survive a motion to dismiss sought pursuant to Rule 12, an indictment must allege facts that, if proven true, would sustain a violation of the offense charged."). Because the indictment fails to allege facts that, if proven true, would establish that Mr. Blankenship had the specific intent of procuring or bringing about the statements alleged to be false, Count Four must be dismissed.

\* \* \*

## **CONCLUSION**

For the foregoing reasons, Mr. Blankenship respectfully requests that Count Four of the indictment be dismissed with prejudice.

Dated: February 27, 2015                                   Respectfully submitted,

                                                                                      */s/ William W. Taylor, III*
                                                                                      William W. Taylor, III
                                                                                      Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
202-778-1800 (phone)
202-822-8106 (fax)
wtaylor@zuckerman.com
bbrown@zuckerman.com
edelinsky@zuckerman.com
mclark@zuckerman.com
sherman@zuckerman.com

*/s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 27th day of February 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
United States Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

                                                     _/s/ Eric R. Delinsky_____
                                                    Eric R. Delinsky