**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY**

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:14-00244

DONALD L. BLANKENSHIP

**UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S
PRETRIAL MOTIONS SEVEN, NINE, ELEVEN, AND TWELVE**

The United States, by counsel, respectfully submits this supplemental response to address the effect of the Superseding Indictment that the grand jury returned yesterday. *See* ECF 169. The Superseding Indictment moots Defendant's pretrial motions seven, nine, eleven, and twelve.

**I. Defendant's Motion Number Seven**

Defendant's motion number seven contested Count One of the original Indictment. *See* ECF 88 (memorandum in support of Defendant's motion number seven). Specifically, the motion objected to the words "to increase Massey's profits, and to enrich Defendant Blankenship" in the "Objects of the Conspiracy" section of Count One. Defendant contended that the Indictment improperly charged him with conspiring to increase Massey's profits and enrich himself by lawful means. As the United States explained in its response, the original Indictment, under any reasonable reading, clearly charged Defendant with conspiring to accomplish those purposes by unlawful means. Defendant's argument to the contrary was hypertechnical and inconsistent with established law on the interpretation of indictments. *See* ECF 129. The Superseding Indictment, however, moots the issue by moving the language of which Defendant complains out of the "Objects of the Conspiracy" section. The change does not affect the substance of the Indictment, but it resolves Defendant's objection.

## II. Defendant's Motion Number Nine

Defendant's motion number nine claimed that Count One of the original Indictment was duplicitous or, alternatively, that Counts One and Two of the Indictment were multiplicitous. *See* ECF 92 (memorandum in support of Defendant's motion number nine). The Superseding Indictment moots these arguments. It charges a single conspiracy whose objects included both willfully violating mandatory federal mine safety and health standards and defrauding the United States by impeding federal mine safety enforcement and administration. As the United States explained in its response to Defendant's motion number nine, the duplicity-multiplicity argument was without merit, *see* ECF 129, but this change in the Superseding Indictment disposes of the issue without materially affecting the substance of what is charged.

## III. Defendant's Motion Number Eleven

The Superseding Indictment also moots Defendant's motion number eleven. That motion concerned the conspiracy, alleged in the original Indictment's Count Two, to impede the federal Mine Safety and Health Administration (MSHA). Defendant claimed this conspiracy was merely one to give advance notice of mine inspections and therefore should be only a misdemeanor under the Mine Act. *See* ECF 96 (memorandum in support of Defendant's motion number eleven). This claim lacked merit for reasons explained in the United States' response. *See* ECF 129. The Superseding Indictment, however, includes allegations that will allow the Court to dispose of Defendant's argument immediately. The Superseding Indictment alleges falsification of respirable dust samples at UBB—samples that measured the level of dust breathed by miners. Falsifying dust samples was a means of impeding MSHA that was separate from conduct related to advance warnings. There is now no premise at all for Defendant's claim that the scheme to impede MSHA was merely a misdemeanor conspiracy to give advance notice.

### IV. Defendant's Motion Number Twelve

Finally, the Superseding Indictment moots Defendant's twelfth motion. That motion claimed that the original Indictment's conspiracy to impede MSHA was a conspiracy against intangible rights rather than one involving money or property. *See* ECF 98 (memorandum in support of Defendant's motion number twelve). The United States' response explained that the conspiracy was one to, among other things, dishonestly deprive the United States of monetary penalties that would have resulted from citations and shutdown orders. *See* ECF 129. Though not necessary, the Superseding Indictment adds further statements reiterating this point. *See* ECF 169 ¶¶ 87(b), 89(c), 97, 98. The Superseding Indictment thus eliminates the premise of motion twelve's intangible rights argument.

### V. Conclusion

Although the motions discussed above lacked legal merit and would not have prevailed, the Superseding Indictment permits the Court to dispense with them immediately. It accomplishes this with no significant change to the charges' substance. By eliminating disputed issues without substantially altering the charges, the Superseding Indictment will help move the case forward without further delay.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States' Supplemental Response to Defendant's Pretrial Motions Seven, Nine, Eleven, and Twelve" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 11th day of March, 2015 to:

William W. Taylor, III
Blair G. Brown
Eric R. Delinsky
R. Miles Clark
Steven N. Herman
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

James A. Walls
Spilman Thomas & Battle, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV  26501

Alexander Macia
Spilman Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV  25321

s/ Steven R. Ruby
Steven R. Ruby
Assistant United States Attorney
WV Bar No. 10752
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email: steven.ruby@usdoj.gov