IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 5:14-cr-00244 |
| DONALD L. BLANKENSHIP | ) ) ) | |

**SUPPLEMENTAL FILING IN SUPPORT OF DEFENSE MOTION NO. 19, MOTION TO ENFORCE THE GOVERNMENT'S *BRADY* OBLIGATIONS**

Mr. Blankenship submits this supplemental filing to provide this Court with new information that further supports his Motion to Enforce the Government's *Brady* Obligations, ECF No. 111, and Reply in Support, ECF No. 159. On March 3, 2010, USA Today published an article reporting that, pursuant to a FOIA request, it had obtained the Department of Justice's internal discovery policies. Brad Heath, *Rules to Keep Federal Prosecutors in Line Revealed*, USA Today (Mar. 3, 2010) *available at* http://www.usatoday.com/story/news/2015/03/03/justice-department-discovery-policies-released/24239225/ (last visited April 6, 2015). The Discovery Policy for the United States Attorney's Office for the Southern District of West Virginia – the office handling this case – was attached to the article, and it is attached to this Notice as Exhibit A.[1] The United States Attorney's Office's Discovery Policy contains provisions that are contrary to that office's position in its response to Mr. Blankenship's *Brady* Motion, including that:

- The government must produce all favorable evidence without regard to materiality. Ex. A at 4 (inconsistent with the government's position on page 1 of its response).

---

[1] Previously, Mr. Blankenship only had access to the Department of Justice's United States Attorneys' Manual, which also supported his position, and which is cited in both his Motion and Reply.

- The government must search for and ensure the disclosure of all favorable information contained in the notes of its agents and attorneys. Ex. A at 7-8 (inconsistent with the government's position on page 3 of its response).[2]

The disparity between the government's positions in this case and its documented policies on discovery only serves to emphasize the gameplaying taking place here and the need for the relief requested in Mr. Blankenship's Motion to Enforce the Government's *Brady* obligations.

Dated: April 7, 2015                                             Respectfully submitted,

                                                                  /s/ William W. Taylor, III
                                                                 William W. Taylor, III
                                                                 Blair G. Brown
                                                                 Eric R. Delinsky
                                                                 R. Miles Clark
                                                                 Steven N. Herman
                                                                 ZUCKERMAN SPAEDER LLP
                                                                 1800 M Street, NW, Suite 1000
                                                                 Washington, DC 20036
                                                                 202-778-1800 (phone)
                                                                 202-822-8106 (fax)
                                                                 wtaylor@zuckerman.com
                                                                 bbrown@zuckerman.com
                                                                 edelinsky@zuckerman.com
                                                                 mclark@zuckerman.com
                                                                 sherman@zuckerman.com

---

[2] The Discovery Policy suggests that an agent's notes may be destroyed once an agent checks that all favorable information has been included in a formal memorandum. *Id.* at 7. However, Department of Justice policy developed in the wake of the *Stevens* prosecution and after the Discovery Policy mandates preservation of notes and original recordings. David W. Ogden, *Guidance for Prosecutors Regarding Criminal Discovery*, at 5 (Jan. 4, 2010), *available at* http://www.justice.gov/dag/memorandum-department-prosecutors (last accessed April 6, 2015). Indeed, it would violate *Brady*, and other obligations, to destroy any notes containing favorable information.

3

        */s/ James A. Walls*
James A. Walls (WVSB #5175)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Suite 800
P.O. Box 615
Morgantown, WV 26501
304-291-7947 (phone)
304-291-7979 (fax)
jwalls@spilmanlaw.com

*Counsel for Donald L. Blankenship*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been electronically filed and service has been made by virtue of such electronic filing this 11th day of March 2015 on:

R. Booth Goodwin, II
Steven R. Ruby
United States Attorney's Office
P.O. Box 1713
Charleston, WV 25326-1713

                                                _/s/ Eric R. Delinsky_____
                                                Eric R. Delinsky