UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 5:14-cr-244

DONALD L. BLANKENSHIP

# COURT'S CHARGE TO THE JURY

Ladies and gentlemen of the jury:

At the outset, I want to thank you for your undivided attention throughout the trial, your care in the consideration of the testimony and exhibits, your patience and understanding when delays were necessary, and your promptness in attending Court.

You have now heard and seen all of the evidence which you may properly consider in determining the facts of the case, and the guilt or innocence of the Defendant as determined by those facts and the law. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to the Defendant, Donald L. Blankenship, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

At this stage in a trial, I am required to state and explain to the jury the law which applies to the case. This statement as to the law of the case is known as a

charge, and is presented in the form of instructions. Each instruction is as important as any other. You should draw no inference from the order, language or manner in which these instructions are read. Do not pick out any one statement or instruction and ignore other instructions or parts of instructions. Consider and apply these instructions together as a whole.

FIRST: THE DUTY OF THE JUDGE, THE JURY AND THE ATTORNEYS

The functions of the judge, the jury and the attorneys in a case are quite different. It is the duty of the judge to determine and state the law of the case, preside over the trial, and conform each portion to the law.

It is the duty of the jury to impartially determine the facts of the case from all of the evidence. Your oath as a juror requires you to accept and apply the law as stated in these instructions to the facts determined by you from all the evidence. You must not change the law or apply your own idea of what you think the law should be.

It is the duty of the attorneys to present their client's case, the law to the judge, and the facts to the jury; and, in argument, to relate the law to the facts, and thus, assist the jury in determining the guilt or innocence of the defendant.

## SECOND: THE INDICTMENT

Generally speaking, the indictment charges that between January 1, 2008 and April 5, 2010, the Defendant, Donald L. Blankenship, conspired to willfully violate mandatory health and safety standards and willfully made false statements.

You will note the indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

You will find oftentimes that an indictment is charged in the conjunctive, meaning that it uses the word "and" between two elements of the offense. However, the law may not require proof of both elements. Therefore, you should be guided by this Court's instructions as to the actual elements of each offense that must be proven.

You will also note the indictment charges that the offenses were committed "at or near" a certain location. The proof need not establish with certainty the exact location of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at a location reasonably near the location alleged.

## THIRD: WHAT IS EVIDENCE?

You are to determine the facts of this case from the evidence alone. The "evidence" always consists of the sworn testimony of all of the witnesses, all exhibits received in evidence, and all matters of which I took judicial notice. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as conclusively proven the fact or event which has been judicially noticed, and weigh it along with other evidence in the case. However, you are not required to accept such facts, because, again, you, as jurors, are the sole judge of the facts.

You must carefully and impartially consider the testimony of every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit or evidence; you must not permit yourself to be influenced by sympathy, bias, passion, prejudice or public sentiment for or against the Defendant or the Government.

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence, as to each count of the indictment, is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the

Defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that if you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt, you must not hesitate because of sympathy or any other reason to find the Defendant not guilty. But on the other hand, if you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

During trial, you heard evidence of an explosion that occurred at the Upper Big Branch mine on April 5, 2010. The Government, however, has not charged the Defendant with causing that explosion, and the Defendant is not on trial for the explosion. In fact, neither the cause of, nor the responsibility for the explosion is at issue in this case.

Accordingly, in considering the charges against the Defendant, you cannot be influenced by the explosion or by sympathy for the decedents or their families. You also may not consider or reveal your personal feelings or ideas about what caused the explosion or whether any individual, government agency, or company bears responsibility for that event. It would violate your duty as jurors and my

instructions to you if you were to discuss or consider in your deliberations the cause of the explosion or to use your verdict in this case to address responsibility or blame for the explosion. Your duty is to consider only the matters at issue in this case and to decide only the charges that have been brought in this case.

You have also heard evidence that the Defendant held the position of chairman and chief executive officer of Massey Energy Company. His position as chairman and chief executive of the company, alone, is not evidence of guilt. You may not find the Defendant guilty of any offense charged in the indictment simply because he held such a position. In other words, an executive of a corporation is not criminally responsible for the illegal acts of another individual in the company merely because of his position.

In order to convict the Defendant of any of the offenses charged in the Superseding Indictment, the Government must prove to you beyond a reasonable doubt all of the elements of the particular offense or offenses. If the Government has failed to prove any element of the offense, then you must acquit the Defendant of that offense or those offenses, regardless of his position at the company.

Both the Defendant and the Government expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Generally speaking, there are two kinds of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence. Direct evidence of a fact to be proven is usually the testimony of the witness who saw, heard, or otherwise experienced the fact. In other words, it is the testimony of a witness who claims actual knowledge of the fact(s). Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

The law makes no distinction between the weight to be given to either direct evidence or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is 'direct evidence' or 'circumstantial evidence.' You should consider and weigh all of the evidence that was presented to you.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your own experience, reason and common sense.

The indictment in this case is only an accusation or charge against the Defendant, Donald L. Blankenship, and is not any evidence of guilt whatsoever. The Defendant is on trial only for the acts or conduct alleged in the indictment. Your focus must be on the charges contained in the indictment, and not on anything else.

Nothing said or done by the attorneys who have tried this case is to be considered by you as evidence of any fact. The questions of counsel, the opening statements and the final arguments of counsel are intended to help you in understanding the evidence and applying the law to the evidence, but they are not themselves evidence. Accordingly, if any question, argument, statement or remark of counsel is not based upon the evidence or the law as stated in these instructions, then you should disregard that question, argument, statement or remark.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibits ordered stricken by the Court must be entirely disregarded. You should not speculate as to the answer to any question to which an objection was sustained.

Nothing that I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact, the "credibility of any witness," the "weight of any evidence," or, the guilt or innocence of the defendant. Neither by these instructions, nor by any ruling or remark which I have made or will make, have I meant to or do I mean to indicate any opinion as to the facts of this case. The facts are for you, the jury, to decide.

Anything you may have seen or heard outside the courtroom, including media coverage, is not evidence and must be entirely disregarded.

The exhibits which have been introduced and admitted into evidence are a part of the case and you are to consider them in the same manner as other evidence in the case. However, exhibits offered as evidence and not admitted by the Court are not to be considered by you at all.

In this connection, the Court instructs you that certain exhibits referred to as schedules or summaries have been admitted into evidence. Strictly speaking, these exhibits are not actual evidence, but are admitted as summaries of other evidence in

the case, and are admitted only for your assistance and convenience in considering the other evidence which they purport to summarize.

In other words, the charts or summaries are used only as a matter of convenience. These summaries have no independent value, and you should consider them only insofar as you have concluded that they accurately reflect the documents and testimony actually introduced into evidence. If you find that the summaries do not accurately reflect the evidence in this case, you are to disregard them entirely.

Tape recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these tape recorded conversations may have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case and the typewritten transcripts are not evidence. What you heard on the tapes is evidence. What you read in the transcript is not. If you perceive any variation between the two, you will be guided solely by the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken or if you cannot determine from the tape recording who said a

particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

FOURTH: WHAT YOU CONSIDER IN DETERMINING THE "CREDIBILITY OF THE WITNESSES" AND THE "WEIGHT OF THE EVIDENCE"

During your deliberations, you should carefully consider the testimony of each and every witness, and not disregard or overlook any testimony, witness or evidence. Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You, as jurors, are the sole judges of the "credibility of a witness" and the "weight of the evidence." The "credibility of a witness" means the truthfulness of the witness, and the "weight of the evidence" means the extent to which you are or are not convinced by the evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. However, the Court instructs you that the Defendant has no burden of calling any witnesses or producing any evidence. The tests are: How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy, in the light of all the evidence and circumstances shown.

In determining the "credit" and "weight" you will give to the testimony of any witness who has testified, you may consider, among other things, if found by you from the evidence:

1) his or her good memory, or lack of memory;
2) the interest or lack of interest of the witness in the outcome of the trial;
3) the relationship of any witness to any of the parties or other witnesses;
4) his or her demeanor and manner of testifying;
5) his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;
6) the reasonableness or unreasonableness of his or her testimony;

7) his or her apparent fairness or lack of fairness;

8) the intelligence or lack of intelligence of the witness;

9) the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10) contradictory statements of any witness, if you believe from the evidence that such were made by the witness (either during trial or before trial) and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may not be considered by the jury to establish the truth of such statements;

11) contradictory acts of any witness, if you believe that such were committed by the witness, and that they were contradictory of his or her testimony.

From these considerations and all other circumstances appearing from the evidence, you may give to the testimony of the witness such "credit" and "weight" as you believe it deserves. In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Further, the Court instructs you that you are not required to accept testimony,

even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. During this trial, you have heard the testimony of federal agents. The testimony of such a witness should be considered in the same way, and judged as to credibility and weight, as the testimony of any other witness.

You have heard the testimony of one or more witnesses who testified under an agreement with the United States that gives him what is called "use immunity." What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the use immunity agreement.

You are instructed that the United States is entitled to call, as a witness, a person who has entered into an immunity agreement with the United States and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a

way as to place guilt upon the defendant in order to further the witness' own interests; for such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony. As with all witness testimony, you, as jurors, shall determine the credit and weight to give to such testimony.

If you believe that any witness in this case has knowingly testified falsely as to any material or important fact, you may, after considering and weighing the testimony of such witness, disregard all of the testimony of such witness, or give it or any part thereof, such "credit" and "weight" as you believe it deserves.

The Defendant, Donald L. Blankenship, has exercised his right to remain silent. The Constitution of the United States gives a defendant an absolute and inalienable right to remain silent, and the exercise of this right cannot be held against the defendant or in any way affect the outcome of his trial. The fact that the Defendant exercised his constitutional right not to testify cannot be used by you during your deliberations in any way whatsoever. You cannot conclude that his decision is even remotely indicative of guilt, and you must not speculate what his testimony might have been or why he chose not to be a witness or give evidence.

FIFTH: EXPERT WITNESSES - OPINIONS

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions.

However, the rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in this case, and the reasons given in support of the opinion, and give it such weight as you may think it deserves. In determining the weight to be given to the opinion of an expert, you should consider the education, training and experience of the expert, the basis for the opinion, the confidence of the witness, the reasons and reasoning stated by the witness, the opinions of other similar witnesses, if any, on the same matters, and the rules generally applicable to other witnesses in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

SIXTH: EXPERT WITNESSES - HYPOTHETICAL

Expert witnesses were, at times, asked hypothetical questions, and they gave answers to such questions. "A hypothetical question has been defined as a form of

question in which facts that counsel claims or assumes to have been proven are stated as a hypothesis and the opinion of an expert is asked thereon."

In answering a hypothetical question, an expert witness must accept as true every fact stated therein, but this does not mean that the jury must. If the jury finds that assumed conditions, circumstances or facts are not proven by the evidence, the validity of the expert's opinion may dissolve, and both the question and the answer may be disregarded entirely, or given such weight as you may deem it entitled to receive.

SEVENTH: THE BURDEN OF PROOF

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the Government to prove guilt beyond a reasonable

doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. You may not infer that the Defendant, Donald L. Blankenship, is guilty of participating in criminal conduct merely from the fact that he was present at the time a crime was being committed and had knowledge that it was being committed or because he associated with others who were guilty of wrongdoing.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury should of course adopt the conclusion of innocence. However, if you are satisfied beyond a reasonable doubt that all elements of the particular charge or charges have been proven, then you must find the Defendant guilty of that particular charge or charges.

The Superseding Indictment contains a total of three counts. Each count charges the Defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each count.

## EIGHTH: COUNT ONE
## CONSPIRACY

The Defendant, Donald L. Blankenship, is charged in Count One of the

Superseding Indictment with unlawfully, willfully, and knowingly conspiring with others between January 1, 2008 and April 9, 2010,

(a) to willfully violate mandatory federal mine safety and health standards at UBB, in violation of Title 30, United States Code, Section 820(d), and Title 18, United States Code, Section 371; and

(b) to defraud the United States and an agency thereof, in violation of Title 18, United States Code, Section 371.

You may return one of two verdicts with respect to Count One of the indictment: 1) Guilty or 2) Not Guilty.

You will note that Count One of the Superseding Indictment charges a multiple object conspiracy, meaning that the Defendant and others conspired to (1) willfully violate mandatory mine safety and health standards in violation of 30 U.S.C. § 820(d), and (2) defraud the United States by impeding the lawful functions of one of its agencies in violation of 18 U.S.C. § 371.

It is not necessary for the United States to prove beyond a reasonable doubt that the conspiracy furthered both objects. Rather, the United States has charged different means of violating the statute, and you need only find beyond a reasonable doubt that the Defendant knowingly committed one of these acts, for example, conspired to willfully violate mandatory mine safety and health standards in

violation of 30 U.S.C. § 820(d) or conspired to defraud the United States by impeding the lawful functions of one of its agencies in violation of 18 U.S.C. § 371.

The Court further instructs you that you must be unanimous in the act or acts which you find have been proven beyond a reasonable doubt.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by a least two people to violate the law by some joint or common plan or course of action.

The United States must prove beyond a reasonable doubt that the Defendant knowingly arrived at an agreement or understanding that he and others would willfully violate mandatory federal mine safety and health standards or defraud the United States by means of some common plan or course of action as alleged in the Superseding Indictment. It is proof of this conscious understanding or agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

In order to satisfy its burden of proof for the conspiracy charged in Count One of the Superseding Indictment, the United States must establish each of the following elements beyond a reasonable doubt:

(1) That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to willfully violate mandatory federal mine safety

and health standards at UBB or to defraud the United States and the Department of Labor;

(2) That the Defendant knowingly and willfully became a member of the conspiracy;

(3) That one of the conspirators, not necessarily the Defendant, during the existence of the conspiracy knowingly committed at least one of the means or methods (or "overt acts") described in the Superseding Indictment; and

(4) That such "overt act" was knowingly committed during the life of the conspiracy in order to further the conspiracy. The Court instructs you that an act committed after the central objectives of the conspiracy have been attained, for the purpose only of covering up the conspiracy, does not constitute an overt act in furtherance of the conspiracy.

With respect to the second element, the Government is required to prove beyond a reasonable doubt that the Defendant knowingly and willfully joined and participated in the conspiracy. A defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.

The Government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined a conspiracy: an intent to

agree and an intent that the underlying crime be committed.

Thus, in addition to proving that a defendant had knowledge of the conspiracy and the intent to join it, the Government also must prove that a defendant had the intent necessary to commit one or more of the crimes that are alleged to be the objects of the conspiracy.

Mere association by a defendant with a conspirator does not itself make the defendant a member of a conspiracy even if he knows of the conspiracy. In other words, knowledge is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to commit one or more of the crimes that are alleged to be the objects of the conspiracy.

Thus, in order to find the Defendant guilty of Count One, the Government must prove beyond a reasonable doubt that two or more persons agreed to willfully violate mandatory mine safety standards at UBB during the indictment period; that the Defendant intentionally joined the agreement knowing that one of its objects was to willfully violate mine safety standards at UBB; that the Defendant intended that willful violations of mine safety standards be committed at UBB; and that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy during the life of the conspiracy.

The Court instructs you that it is a criminal offense for any operator of a mine

to willfully violate a mandatory health or safety standard. You will find attached to the instructions that you take to your jury deliberation room an exhibit relative to Count One which contains mandatory health and safety requirements. You must review this exhibit during your deliberations relative to Count One of the Superseding Indictment.

The federal laws on coal mine safety and health apply to any coal mine whose products enter interstate commerce, or whose operations or products enter interstate commerce, or whose operations or products affect commerce. This element is satisfied for purposes of this case if you find that the coal produced at the Upper Big Branch mine was sold or that mining supplies or equipment was purchased for use in the mine.

It is also a crime to conspire to defraud the United States. Title 18, United States Code, Section 371, provides in pertinent part: "If two or more persons conspire . . . to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each . . . shall be guilty of an offense against the United States." One of the objects of the conspiracy alleged in Count One involves defrauding the Department of Labor and its agency, MSHA:

(1) by hampering, hindering, impairing, impeding or obstructing, by

trickery, deceit, or dishonest means, their lawful and legitimate functions in the administration and enforcement of mine safety and health laws at UBB; or

(2) by depriving, by trickery, deceit, or dishonest means, the United States of money that it otherwise would have received.

So, alternatively, before the jury can find the Defendant guilty of Count One, the Government must prove beyond a reasonable doubt that during the indictment period, two or more persons agreed to defraud an agency of the United States, namely the Department of Labor or MSHA, by depriving it of money at UBB by trickery, deceit and dishonest means or by obstructing its lawful functions at UBB by trickery, deceit and dishonest means; that the Defendant intentionally joined this agreement with knowledge of its objects; that the Defendant intended the Department of Labor or MSHA to be defrauded of its money and to be obstructed in its lawful functions at UBB, and that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy. The Court instructs you that you must be unanimous relative to whether the Government has proven beyond a reasonable doubt that there was a conspiracy to defraud the Department of Labor or MSHA by depriving it of money at UBB or a conspiracy to defraud the Department of Labor or MSHA by obstructing its lawful functions at UBB.

For the conspiracy charged in Count One of the Superseding Indictment, the evidence need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished. It is sufficient if two or more persons explicitly or implicitly came to an understanding to achieve the specified crimes, whether or not they were successful.

Similarly, the evidence need not establish that all of the means or methods set forth in the Superseding Indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proven that all of the persons charged to have been members of the conspiracy were such.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme, or all the manner and means or overt acts committed in furtherance of it, or the names and identities of all of the other alleged conspirators. So, if you believe beyond a reasonable doubt that the Defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joined in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier or later stages in the scheme

and even though he played only a minor part in the conspiracy. In other words, the extent of a defendant's participation is not determinative of his guilt or innocence.

To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. To act willfully in a conspiracy means to act voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done. If a defendant or any other person, with understanding of the unlawful character of a plan, knowingly and intentionally encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he thereby becomes a knowing and willful participant – a conspirator. One who knowingly joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

If there is proof beyond a reasonable doubt that a conspiracy existed, and that the defendant was one of the members of the conspiracy, then the statements and the acts by any other member may be considered as evidence against the defendant, even if he had no knowledge of the statements and acts, provided such statements and acts were knowingly made or done during and in furtherance of the conspiracy.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which

the law refers to as "substantive crimes."

You may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed. The United States is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy. Moreover, you may find a defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

You are instructed that a conspiracy once formed continues to exist until (1) it has accomplished its manifest purpose and objectives, or (2) it is terminated by the withdrawal of the members of the conspiracy, evidenced by a clear showing of the intent of the conspirators to withdraw and no longer be a part of the conspiracy.

In order to sustain its burden of proof as to Count One of the Superseding Indictment, the United States must prove beyond a reasonable doubt that one of the members of the conspiracy knowingly performed at least one overt act, that the overt act was performed during the life of the conspiracy and was done to somehow further a goal of the conspiracy.

The Government must prove beyond a reasonable doubt that an overt act, committed in furtherance of the conspiracy, was committed on or after November

13, 2009.

The receipt of a citation or order on or after November, 13, 2009, is not an overt act, and you may not consider as one.

Although you must unanimously find beyond a reasonable doubt that the same overt act was committed, the United States is not required to prove more than one of the overt acts charged. The United States is not required to prove beyond a reasonable doubt all of the overt acts alleged in the Superseding Indictment.

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove beyond a reasonable doubt that the defendant conspired with one or more of them. Whether they are named or not does not matter.

You should exercise caution in evaluating the testimony of co-conspirators and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely in order to assist the Government or in order to obtain favorable treatment from the Government. In

other words, ask yourself whether they have a stake in the outcome of this trial. Their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of an unindicted co-conspirator.

You have heard testimony from a Government witness, David Hughart, who pled guilty to other charges. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. Blankenship from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision. It may not be used by you in any way as evidence against or unfavorable to Mr. Blankenship.

## NINTH: COUNT TWO
## FALSE STATEMENT

Count Two of the Superseding Indictment charges that on or about April 8, 2010, in the Southern District of West Virginia and elsewhere, the Defendant, Donald L. Blankenship, aided and abetted by others known and unknown to the Grand jury, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, and knowingly and willfully made and caused to be made and used a false writing and document knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in a matter within the

jurisdiction of an agency of the executive branch of the Government of the United States, that is, the Securities and Exchange Commission, in violation of Title 18, United States Code, Section 1001 and 2.

You may return one of two verdicts with respect to Count Two of the Superseding Indictment: 1) Guilty or 2) Not Guilty.

In order to satisfy its burden of proof for the charge in Count Two of the Superseding Indictment, the United States must establish each of the following elements beyond a reasonable doubt:

(1) The Defendant made a false, fictitious or fraudulent statement or representation or made or used a false writing or document; and

(2) In making the false, fictitious or fraudulent statement or representation or making or using the false writing or document, the Defendant acted knowingly and willfully; and

(3) The false, fictitious or fraudulent statement or representation, or false writing or document, related to a material matter within the jurisdiction of the executive branch of the United States, that is, the United States Securities and Exchange Commission, as charged in Count Two of the Superseding Indictment.

You must be unanimous that the Government has proven beyond a reasonable doubt each and every one of the elements as to the first statement charged, the second

statement charged, or both. If you are not unanimous as to either of the statements charged in Count Two, then you must find the Defendant not guilty.

The statements charged in Count Two are the following two statements made by Massey Energy Company on or about April 8, 2010 in a statement to shareholders: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times." No statements other than the two statements charged in Count Two can be the basis of a conviction on Count Two. The indictment charges that the term "we" in the statements refers to Massey Energy Company. Thus, in order for the statement to be false, fictitious or fraudulent, it is not sufficient to find just that the Defendant condoned violation of MSHA regulations and/or did not strive to be incompliance with all regulations at all times. To establish that the statements charged in Count Two were false when made, the Government must prove beyond a reasonable doubt that on or about April 8, 2010, Massey Energy Company condoned violations of MSHA regulations and/or did not, at all times, strive to be in compliance with all regulations.

The Government need not prove that the Defendant physically made or otherwise personally prepared the statements in question. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant caused the statements charged in Count Two of the indictment to have been made. One

"makes" a statement by stating it himself. To "cause" a statement to be made means to make it happen or to bring it about.

It is necessary for you to find beyond a reasonable doubt that the Defendant knew that the statements charged in Count Two were to be utilized in a matter which was within the jurisdiction of the United States Securities and Exchange Commission. To be within the jurisdiction of the United States Securities and Exchange Commission means that the statement must concern an authorized function of that agency.

## TENTH: COUNT THREE
## SECURITIES FRAUD

Count Three of the Superseding Indictment charges that from on or about April 7, 2010, through on or about April 9, 2010, the Defendant, Donald L. Blankenship, aided and abetted by others known and unknown to the Grand Jury, did directly and indirectly, by means and instrumentalities of interstate commerce, and by means of the mails and of the facilities of national securities exchanges, did make and cause to be made untrue statements of material fact, and did omit to state, and cause to be omitted to state, material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and did engage in acts and practices and courses of business which

operated and would operate as frauds and deceits upon persons, all in connection with the sale and purchase of securities, to wit, Massey Class A Common Stock, in violation of Title 15, United States Code, Section 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

You may return one of two verdicts with respect to Count Three of the Superseding Indictment: 1) Guilty or 2) Not Guilty.

In order to satisfy its burden of proof for the charge in Count Three of the Superseding Indictment, the United States must establish each of the following elements beyond a reasonable doubt:

(1) In connection with the purchase or sale of the securities described in Count Three of the Superseding Indictment, the Defendant knowingly either:

a) made any untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

b) engaged in an act, practice, or course of business which operated or would operate as a fraud and deceit upon persons; and

(2) In connection with this purchase or sale, the Defendant made use of or caused the use of any means or instrumentality of interstate commerce, or of the mails; or of any facility of any national securities exchange; and

(3) The Defendant acted willfully, knowingly and with the intent to defraud.

If you find from your consideration of the evidence that the Government has not proven any one of these elements beyond a reasonable doubt, then you must find the Defendant not guilty of this charge.

The statements charged in Count Three are the following two statements made by Massey Energy Company on or about April 8, 2010: "We do not condone any violation of MSHA regulations," and "we strive to be in compliance with all regulations at all times." No statements other than the two statements charged in Count Three can be the basis of a conviction on Count Three. The indictment charges that the term "we" in the statements refers to Massey Energy Company. Thus, in order for the statements to be false at the time they were made, it is not sufficient to find just that the Defendant condoned violations of MSHA regulations and/or did not strive to be in compliance with all regulations at all times. To establish that the statements charged in Count Three were false or contained material omissions at the time they were made, the Government must prove beyond a reasonable doubt that on or about April 8, 2010, and/or April 9, 2010, Massey Energy Company condoned violations of MSHA regulations and/or did not strive to be in compliance with all regulations at all times.

No statements other than the specific statements charged in Count Three can

be the basis of a conviction on Count Three.

In order for you to find the Defendant guilty of the crime charged in Count Three, the Government must prove beyond a reasonable doubt each and every one of these elements as to at least one of the specific statements charged in Count Three. In order for you to find the Defendant guilty of the crime charged in Count Three, you also must be unanimous as to which specific statement charged in Count Three the Government has proven beyond a reasonable doubt each and every one of the elements. If you are not unanimous as to any of the specific statements charged in Count Three, then you must find the Defendant not guilty.

## ELEVENTH: DEFINITIONS

DEFRAUD - As it relates to Count One of the Superseding Indictment, the term "defraud" means to obstruct or interfere, by trickery, deceit, or dishonest means, with a lawful function of the United States' government or its agencies, or to deprive, by trickery, deceit, or dishonest means, the United States of money or property.

DEPARTMENT OR AGENCY OF THE UNITED STATES - The Court instructs you that the United States Securities and Exchange Commission and the Department of Labor are agencies of the executive branch of the Government of the United States.

FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS - A false or fictitious statement is an assertion which is untrue when made and which is known by the person making it to be untrue. A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

FRAUD AND FRAUDULENT INTENT - The words "fraud," "fraudulent," or "defrauding" mean to trick, deceive, injure, or damage in some way.

A statement which is untrue or a representation which is false rises to the level of "fraud" when the person making it knew the statement to be untrue or knew the representations to be false at the time that the statement or representation was made.

A statement which is untrue or a representation which is false may also rise to the level of "fraud" when the person making the statement or making the representation is acting with the intent to trick, deceive, injure, or damage, or is making the statement or representation with reckless indifference to its truth, accuracy, or falsity.

If you find that the evidence has established beyond a reasonable doubt that the Defendant acted with a fraudulent intent, or with an intent to defraud, it is unimportant whether the Defendant was successful and accomplished the plan or was unsuccessful and did not accomplish it. It is not necessary for the Government

to prove that anybody was actually defrauded or that a Defendant actually profited by any fraudulent transaction. "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive investors.

FRAUDS OR DECEITS UPON ANY PERSON – For purposes of Count Three, the phrase "frauds or deceits upon any person" means, simply, a lie or a trick, which may be established by showing beyond a reasonable doubt that the fraud or deceit employed was of a kind which would cause reasonable investors to rely.

The "fraud or deceit" itself need not concern the quality of an investment or actually result in the purchase or sale of any securities. The individuals alleged to be involved in the fraud or deceit need not have sold or purchased securities themselves as long as the fraudulent or deceitful conduct operated against some person. The Government is not required to prove that the "fraud or deceit" was successful.

INTERSTATE COMMERCE - The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating . . . to such trade or commerce among the several states . . . ."

In this regard, however, it is not necessary that the defendant personally used any means or instrumentality of interstate commerce or that such use was

contemplated or intended by anyone involved in any scheme. It is sufficient for the Government to prove that a defendant set forces in motion which foreseeably resulted in such use.

KNOWINGLY - An act is done "knowingly" if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason. For purposes of Count Two, a person acts "knowingly" if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.

Further, with respect to Count Two, a person who makes, or causes to be made, a statement which that person believes to be true does not "knowingly" make, or cause to be made, a false, fictitious, or fraudulent statement.

MAKES OR USES ANY FALSE WRITING OR DOCUMENT - The phrase "makes or uses any false writing or document" means to create, to bring into existence, or to submit or to file some type of document, form, report, or letter, of any kind, which is not true.

MANDATORY MINE SAFETY STANDARD – A mandatory mine safety standard is a federal safety regulation lawfully promulgated by the Secretary of the United States Department of Labor pursuant to the terms of the federal Mine Act.

MATERIALITY – With respect to Count Two, the test of materiality is whether the false statement has a natural tendency to influence a governmental action or is capable of influencing governmental action. It is not necessary for the United States to prove that the statement here charged actually influenced a governmental action.

The Court instructs the jury that with respect to Count Three, the securities fraud statute is concerned only with such "material" misstatements of fact or such "material" omissions and does not cover minor, or meaningless, or unimportant ones.

With respect to Count Three of the Superseding Indictment, a fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making a decision to buy, sell or hold. In other words, there must be a substantial likelihood that disclosure of the fact would be viewed by the reasonable investor as a significant part of the "total mix" of information available in making the decision.

To the extent that information about a company is not important to reasonable investors, such information is not material. Further, information that otherwise is in the public domain or that has been made credibly available to the market by other sources is not material. If a reasonable investor should already possess information

sufficient to call the representation into question, the statement is not material.

OPERATOR – "Operator" means any owner, lessee, or other person who operates, controls, or supervises a coal or other mine or any independent contractor performing services or construction at such mine.

OVERT ACT - An "overt act" is any act knowingly committed by one of the conspirators in an effort to accomplish some object or purpose of the conspiracy. The overt act need not be criminal in nature, if considered separately and apart from the conspiracy. It may, standing alone, be as innocent as the act of a man walking across the street, or participating in a conversation where arrangements in furtherance of the conspiracy are made, or driving an automobile, or using a telephone. It must, however, be an act which follows and tends toward accomplishment of the plan or scheme, and must knowingly be done by one of the conspirators of some object or purpose of the conspiracy charged in the Superseding Indictment. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

SECURITY - The term "security" includes any stock in a company.

WILLFULLY – With respect to Count One, a violation of a safety standard is done willfully if it is done knowingly, purposely and voluntarily, either in intentional disobedience of the standard or in reckless disregard of its requirements. Reckless

disregard means the closing of the eyes to or deliberate indifference toward the requirements of a mandatory safety standard, which standard the defendant should have known and had reason to know at the time of the violation. The term willfully requires an affirmative act either of commission or omission, not merely the careless omission of a duty.

Stated differently, a person willfully violates a mandatory health and safety standard if he knowingly, purposely and voluntarily commits an act forbidden by the standards or knowingly, purposely and voluntarily fails to perform an act required by the standards.

A person with supervisory authority at or over a mine willfully fails to perform an act required by a mandatory safety or health standard if he knows that the act is not being performed and knowingly, purposely, and voluntarily allows that omission to continue.

A person with supervisory authority at or over a mine also willfully violates a mandatory mine safety or health standard if he knowingly, purposely and voluntarily takes actions that he knows will cause a standard to be violated, or knowingly, purposely and voluntarily fails to take actions that are necessary to comply with a mandatory mine safety or health standard, or if he knowingly, purposely and voluntarily takes action, or fails to do so, with reckless disregard for whether that

action or failure to act will cause a mandatory safety or health standard to be violated.

The word "willfully" as used in Count Two of the Superseding Indictment means that the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was, in a general sense, unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The Government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

For a person to have "willfully caused" another to commit an unlawful act means that the act not only must have been caused by the person's activities, but also that the person causing the act to be done must have had the specific intent of bringing about the commission of a crime.

Ladies and Gentlemen, you will recall that you heard testimony regarding e-mails, notes and letters sent to and received by the Defendant. You have also heard testimony regarding citations, daily violation reports and the so-called Ross memorandum. You are instructed that you cannot consider this evidence to establish the truth of the information contained in it, but you can consider this evidence on the issues of motive, notice, knowledge, willfulness and materiality as related to the charges contained in the indictment in keeping with the Court's full instructions.

Lastly, you heard testimony regarding a survey of underground miners regarding certain safety issues. The Court instructs you that you cannot consider the questions and answers for the truth of those matters or whether the percentages are accurate, but you can consider this evidence regarding the issues of knowledge and intent as related to the charges contained in the indictment under the Court's full instructions.

## THE JURY'S DUTY DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions, and speak for you

here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict -- whether guilty or not guilty -- must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuade you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by your foreperson. I will respond as soon as possible either in writing or verbally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. NOTHING I have said or done is intended to suggest

what your verdict should be -- that is entirely for you to decide.

During your deliberations, you must not communicate with, obtain or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, Smart phone, IPhone, Blackberry or computer, the internet, any internet service, or any text or instant messaging service, or any internet chat room, blog or website such as Facebook, Myspace, LinkedIn, YouTube or Twitter, or communicate to anyone or obtain any information about this case or conduct any research about this case until after I accept your verdict.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom and report your verdict.